**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 16-cv-01136-RM-KLM

STATE FARM LIFE INSURANCE COMPANY,

    Plaintiff,

v.

DONNA JEAN HOOPS, *formerly known as Donna Jean Medsker*,
CODY ALAN MEDSKER,

    Defendants.

_____

**ORDER**
_____

Pending before the Court is the February 27, 2017 Report and Recommendation ("the R&R") of U.S. Magistrate Judge Kristen L. Mix (ECF No. 55) to grant in part and deny in part defendant Cody Alan Medsker's ("Medsker") motion for summary judgment (ECF No. 19) and to grant in part and deny in part defendant Donna Jean Hoops' ("Hoops") motion for summary judgment (ECF No. 51).

The R&R specifically advised the parties that written objections were due within 14 days after service. (ECF No. 55 at 10-11.) The Magistrate Judge warned the parties that failure to file timely objections would waive *de novo* review of the R&R. (*Id*.) Four days after the R&R was entered, counsel for Medsker informed the Court that neither party would be objecting to the R&R. (ECF No. 56.) With no pleading having been filed in response, the Court assumes that is the case.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72, Adv. Comm. Notes, subdivision (b) (1983); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

With this in mind, after consideration of the law, the record, the parties' pleadings, the unopposed R&R, and ECF No. 56, the Court finds that the Magistrate Judge's analysis and recommendation exhibit no clear error.

Nonetheless, the Court does observe one potential problem, or at least one matter that requires clarification. The R&R awards $49,605.00 to Medsker and $20,000.00 to Hoops, totaling $69,605.00. This money comes from the "Interpled Funds." The Interpled Funds total $71,675.33. (ECF No. 6-1.) There is thus a $2,070.33 discrepancy between the Interpled Funds and the amounts awarded to the parties. Based upon the record, it appears that the discrepancy results from the difference in the face value of the pertinent life insurance policy and interest that has accrued thereon. (*See* ECF No. 55 at 3 n.4.)

In the R&R, the Magistrate Judge awarded the parties the amounts above "plus proportionate interest." (ECF No. 55 at 10.) However, ordinarily, the interest that the Court provides on amounts deposited in the court registry is the interest earned since deposit in the registry. Here, it appears that the Magistrate Judge's award contemplates not only that sort of interest being calculated and awarded, but also a calculation of interest earned on the parties' respective amounts ($49,605.00 and $20,000.00) prior to deposit in the court registry. The Court does not wish for it to be placed in the role of calculating the interest owed to the parties on amounts earned *prior* to deposit in the court

registry. Therefore, the Court instructs the parties to confer in this regard, and then file a joint pleading stating how much pre-deposit interest is owed to defendant Medsker and how much pre-deposit interest is owed to defendant Hoops. To be clear, the parties need to confer as to how the additional $2,070.33 should be distributed between themselves.

As a result, the Court ADOPTS the R&R (ECF No. 55) as supplemented herein. In addition, the Court GRANTS in part and DENIES in part Medsker's motion for summary judgment (ECF No. 19), and GRANTS in part and DENIES in part Hoops' motion for summary judgment (ECF No. 51). The Court will award the Interpled Funds after the filing of the parties' joint pleading. The joint pleading is due on or before April 5, 2017.

**SO ORDERED.**

DATED this 29th day of March, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge